FILED

2010 Jun-14  PM 02:19
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **SHEILA HOBSON,** | ) |
| **CHRISTINE PINCKNEY,** | ) |
| **SUSAN ELLINGTON, and SANTRESSA** | ) |
| **LOVELACE, Individually and** | ) |
| **On behalf of similarly situated employees,** | ) |
| | ) |
| **Plaintiffs,** | ) **CIVIL ACTION NO.:** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| **v.** | ) |
| | ) |
| **MURPHY OIL USA, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## COLLECTIVE ACTION COMPLAINT

The named Plaintiffs, individually and on behalf of a class of similarly situated employees, collectively complain against the Defendant Murphy Oil USA, Inc. ("Murphy Oil"), as follows:

### Jurisdiction and Venue

1. This is a collective action brought under the Fair Labor Standards Act. This Court has jurisdiction over Plaintiffs' claims because they are brought pursuant to the Fair Labor Standards Acts, 29 U.S.C. §§ 201 *et seq.*, and because they raise a federal question pursuant to 28 U.S.C. § 1331. At all relevant times Defendant Murphy Oil engaged and engages in interstate commerce.

2. Venue is proper in this federal judicial district pursuant to 28 U.S.C. §1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Murphy Oil regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

1

## Parties

3.  Plaintiff, Sheila Hobson, is over the age of nineteen (19) and works as an Assistant Manager for Murphy Oil.  She has worked at the Murphy Oil store in Calera, Alabama, as a cashier, and currently works at the Murphy Oil kiosk located in Pelham, Alabama.  Ms. Hobson has expressly authorized the filing of this collective action.

4. Plaintiff, Susan Ellington, is over the age of nineteen (19) and works as an Assistant Manager for Murphy Oil.  She has worked at the Murphy Oil store in Calera, Alabama, as a cashier, and currently works, as an Assistant Manager, at the Murphy Oil store in Calera, Alabama.  Ms. Ellington has expressly authorized the filing of this collective action.

5.  Plaintiff, Christine Pinckney, is over the age of nineteen (19) and worked as an Assistant Manager for Murphy Oil.  She worked at the Murphy Oil store in Calera, Alabama.  Ms. Pinckney has expressly authorized the filing of this collective action.

6.  Plaintiff, Santressa Lovelace, is over the age if nineteen (19) and worked as an Assistant Manager for Murphy Oil.  She has worked as both a cashier and an Assistant Manager at the Murphy Oil store in Roebuck, Alabama.  Ms. Lovelace has expressly authorized the filing of this collective action.

7.  Defendant Murphy Oil, is a foreign corporation with its principal place of business in El Dorado, Arkansas, and is incorporated under the laws of Delaware.

## Factual Allegations

8.  Defendant Murphy Oil, is a retail subsidiary of Murphy Oil Corporation, an international oil and gas company.

9.  Defendant Murphy Oil operates approximately 1,000 gas stations in 21 states throughout the Southeast and the Midwest United States.

10.  At all material times, Defendant Murphy Oil has been an employer within the meaning of § 3 (d) of the FLSA.

11.  At all material times, Plaintiffs have been employed by Defendant Murphy Oil within the meaning of §3 (d) of the FLSA.

12.  Murphy Oil has at least two types of hourly employees—Assistant Managers and cashiers.

13.  In the Defendant's job description, Defendant provides that the Assistant Manager should "promote a safe work environment and manage the sales, operations and personnel in order to ensure quality customer service and to maximize store sales and profitability" as well as being able to completely perform all duties necessary to run the store without any supervision.

14.  In the Defendant's job description on its website, Defendant states that cashiers should "[p]rovide exceptional customer service while tendering transactions for gasoline, snacks, tobacco and other products." Cashiers also "[s]upport [the] store with duties such as stocking, cleaning, safety compliance."

15.  For each shift, Defendant has a checklist of tasks to be done by hourly employees on duty, which are so numerous that they must arrive early and stay late to perform their duties.

16.  Defendant Murphy Oil requires its employees to perform fuel surveys at certain specified times of the day.  These fuel surveys take significant time and are conducted during times when its hourly employees are not compensated.

17.  Defendant Murphy Oil describes fuels surveys as one of the most important aspects of their business in their training manuals.

18.  Defendant's employees are required to do several fuels surveys a day.  These fuel surveys involve driving in a defined geographical area to other fuel stations not owned or

operated by Defendant Murphy Oil and recording information concerning the price of fuel offered by such fuel stations.  This includes driving up to the pump of these fuel stations to verify that the information on competitors' signs is correct.

19.  After an employee finishes conducting the fuel survey, he or she must travel to the Murphy Oil fuel station where he or she works.  Once in the fuel station, the employee enters the information gathered during the fuel survey into a computer owned and operated by Murphy Oil. The information taken from these surveys is then transmitted at certain times daily through the computer to the main office.

20.  If a fuel survey is not submitted in a timely manner, the store's commission is docked.

21.  District Managers frequently come into the stores to verify fuel surveys are performed during the allotted time provided for by Defendant Murphy Oil.  In accordance with Defendant Murphy Oil's policy and practice, if it is suspected that a fuel survey has not been verified, the store will be docked a percentage of its commission.

22.  All of Defendant Murphy Oil's hourly employees are instructed to perform these fuel surveys before coming into work and after leaving for the day.  The time it takes to perform these surveys is uncompensated.

23.  Though hourly employees frequently arrive early and stay late, they are not allowed to clock in until the time listed on their schedule or they are subject to discipline by the Store Manager or the District Manager.  This work performed prior to and after their paid shift is not compensated.

24.  Hourly employees are required to perform a fuel survey prior to arriving at the store to begin their shift.  In addition to fuel surveys, hourly employees are required to perform various

work-related activities off the clock including but not limited to: cleaning the store, stocking the shelves, unloading merchandise from trucks, making bank deposits, running errands, and getting supplies. This work is not compensated.

### Facts pertaining to Hobson

25. On or about November 5, 2008, Defendant Murphy Oil hired Plaintiff Hobson as a cashier to work in its store located in Calera, Alabama. Plaintiff Hobson was promoted to work as an Assistant Manager in the Calera, Alabama store after about six weeks.

26. Plaintiff Hobson currently works as an Assistant Manager for the Pelham, Alabama store.

27. As an Assistant Manager in both Defendant Murphy Oil's Calera and Pelham, Alabama stores, Plaintiff Hobson has regularly worked over 40 hours in any given work week and not been compensated for all hours worked, including overtime.

28. Plaintiff Hobson has worked overtime hours, and she has recorded those hours. However, in several instances, those overtime hours have been eliminated from her pay check.

29. As an Assistant Manager, Plaintiff Hobson has a list of tasks that must be accomplished in her 8 hour shift that is so numerous that she frequently has to work early or late at the store to get the tasks accomplished. These are hours for which she has never been compensated.

. 30. Plaintiff Hobson's Store Manager and District Manager have told her to not record the overtime hours she works.

31. Plaintiff Hobson is required to conduct a fuel survey one to two times a day for which she is not compensated. Fuel surveys take a significant amount of time for which she is not compensated.

32.  In addition to fuel surveys, Hobson is required to perform various work-related activities for which she is not compensated including but not limited to: cleaning the store, stocking the shelves, unloading merchandise from trucks, making bank deposits, running errands, and getting supplies.

**Facts pertaining to Ellington**

33.  On or about March 2008, Defendant Murphy Oil hired Plaintiff Ellington as a cashier in the store located in Calera, Alabama.  Plaintiff was promoted about six months later to an Assistant Manager position in the Calera, Alabama store.

34.  As an Assistant Manager in the Calera, Alabama store, Ellington has worked over 40 hours in any given work week and not been compensated for all hours worked, including overtime.

35.  Plaintiff Ellington has worked overtime hours, and she has recorded those hours. However, in several instances, those overtime hours have been eliminated from her pay check.

36.  As an Assistant Manager, Plaintiff Ellington has a list of tasks that must be accomplished in her 8 hour shift that is so numerous that she frequently has to work early or late at the store to get the tasks accomplished.  These are hours for which she has never been compensated.

.    37.  Plaintiff Ellington's Store Manager and District Manager have told her to not record the overtime hours she works.

38.  Plaintiff Ellington is required to conduct a fuel survey one to two times a day for which she is not compensated.  Fuel surveys take a significant amount of time for which she is not compensated.

39.  In addition to fuel surveys, Plaintiff Ellington is required to perform various work-related activities for which she is not compensated including but not limited to: cleaning the store, stocking the shelves, unloading merchandise from trucks, making bank deposits, running errands, and getting supplies.

## **Facts pertaining to Pinckney**

40.  On or about March 2007, Defendant Murphy Oil hired Plaintiff Pinckney as an Assistant Manager in the store located in Calera, Alabama.

41.  As an Assistant Manager in the Calera, Alabama store, Pinckney has worked over 40 hours in any given work week and not been compensated for all hours worked, including overtime.

42.  Plaintiff Pinckney has worked overtime hours, and she has recorded those hours. However, in several instances, those overtime hours have been eliminated from her pay check.

43.  As an Assistant Manager, Plaintiff Pinckney has a list of tasks that must be accomplished in her 8 hour shift that is so numerous that she frequently has to work early or late at the store to get the tasks accomplished.  These are hours for which she has never been compensated.

.     44.  Plaintiff Pinckney's Store Manager and District Manager have told her to not record the overtime hours she works.

45.  Plaintiff Pinckney is required to conduct a fuel survey one to two times a day for which she is not compensated.  Fuel surveys take a significant amount of time for which she is not compensated.

46.  In addition to fuel surveys, Pinckney is required to perform various work-related activities for which she is not compensated including but not limited to: cleaning the store,

stocking the shelves, unloading merchandise from trucks, making bank deposits, running errands, and getting supplies.

### **Facts pertaining to Lovelace**

47. On or about September 2008, Defendant Murphy Oil hired Plaintiff Lovelace as a cashier in the store located in Roebuck, Alabama. She was promoted to Assistant Manager about two weeks later.

48. As an Assistant Manager in the Roebuck, Alabama store, Lovelace has regularly worked over 40 hours in any given work week and not been compensated for all hours worked, including overtime.

49. Plaintiff Lovelace has worked overtime hours, and she has recorded those hours. However, in several instances, those overtime hours have been eliminated from her pay check.

50. As an Assistant Manager, Plaintiff Lovelace has a list of tasks that must be accomplished in her 8 hour shift that is so numerous that she frequently has to work early or late at the store to get the tasks accomplished. These are hours for which she has never been compensated.

51. Plaintiff Lovelace's Store Manager and District Manager have told her to not record the overtime hours she works.

52. Plaintiff Lovelace is required to conduct a fuel survey one to two times a day for which she is not compensated. Fuel surveys take a significant amount of time for which she is not compensated.

53. In addition to fuel surveys, Plaintiff Lovelace is required to perform various work-related activities for which she is not compensated including but not limited to: cleaning the

store, stocking the shelves, unloading merchandise from trucks, making bank deposits, running errands, and getting supplies.

## Class Allegations

54. Plaintiffs bring their claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of the following similarly situated individuals:

   (a) All current and former hourly employees, including but not limited to assistant managers and cashiers, who worked for Defendant Murphy Oil since June 11, 2007.

55. Plaintiffs are similarly situated, in accordance with 29 U.S.C. §216(b), since they are all paid in accordance with a uniform and company-wide compensation policy that they allege violates the provisions of the FLSA. This uniform policy, in violation of the FLSA, has been applied to all hourly employees in Murphy Oil stores.

56. Plaintiffs have no interests that are antagonistic to or in conflict with those interests that they have undertaken to represent as Class Representatives.

57. Plaintiffs have retained competent and experienced counsel who are experienced in collective action cases brought under the FLSA and are able to effectively represent the interests of the entire Class.

## VIOLATION OF THE FAIR LABOR STANDARDS

## ACT 29 U.S.C. § 201 *et seq.*

58. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

59. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. §206(b).

60. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or potential opt-in Plaintiffs.

61. Murphy Oil does not pay the plaintiffs and similarly situated employees at their regular rate of pay for every hour they work in a workweek, including overtime, which violated 29 U.S.C. § 206 and § 207.

62. Defendant Murphy Oil willfully and/or knowingly failed to pay plaintiffs and similarly situated employees for all time worked as defined by 29 U.S.C. §206, including overtime. 29 U.S.C. §255(a). The plaintiffs and similarly situated employees were damaged as a result of Murphy Oil's willful and/or knowing violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

63. Defendant's failure to pay wages and overtime pay to Plaintiffs in accordance with FLSA regulations was neither reasonable, nor in good faith. 29 U.S.C. § 259.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief against Defendant:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C.  Enter judgment against Defendant and in favor of Plaintiffs and others similarly situated, for the amount of unpaid overtime that the Defendant has failed and refused to pay in violation of the Fair Labor Standards Act;

D.  Find that Defendant's violations of the Fair Labor Standards Act were willful;

E.  An injunction prohibiting Defendant from engaging in future violations of the Fair Labor Standards Act;

F.  Liquidated damages to the fullest extent permitted under the Fair Labor Standards Act;

G. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the Fair Labor Standards Act; and,

H. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution, the plaintiffs respectfully request a trial by jury.

Respectfully submitted,

Richard Rouco
Attorney for Plaintiffs

**OF COUNSEL:**

WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 328-9576
Richard P. Rouco (ASB-6182-R76R)
rrouco@wdklaw.com
Amy A. Weaver (ASB-6878-Y82A)
aweaver@wdklaw.com

BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, Tennessee 37201
Telephone: (615) 244-2202
George E. Barrett
gbarrett@barrettjohnston.com
David W. Garrison
dgarrison@barrettjohnston.com

WEAVER TIDMORE, LLC
300 Cahaba Park Circle, Suite 200
Birmingham, Alabama 35242
Telephone: (205) 980-6065
Kevin L. Weaver (ASB-8452-I58W)
kweaver@weavertidmorelaw.com

12