FILED
 2010 Jul-26  PM 06:32
U.S. DISTRICT COURT
   N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SHEILA HOBSON, CHRISTINE PICKNEY, SUSAN ELLINGTON, and SANTRESSA LOVELACE, Individually and On Behalf of Similarly situated employees, | ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION ) ) NO. 2:10-cv-01486-HGD |
| v. | ) ) |
| MURPHY OIL USA, INC., | ) ) |
| Defendant. | ) ) |

**ANSWER**

Defendant, Murphy Oil USA, Inc., ("Murphy" or Defendant") by and through its undersigned counsel, files its answer to Plaintiffs' "Collective Action Complaint" ("Complaint") as follows:

**Jurisdiction and Venue**

1.     Defendant acknowledges that Plaintiffs seek to invoke the jurisdiction of the Court and have asserted claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  All other allegations are denied.  Murphy maintains that Plaintiffs' claims are subject to arbitration and this action should be dismissed.  Furthermore, to the extent that Plaintiffs' assertion of proper

jurisdiction give rise to any inference that their claims are proper, or that they are entitled to any remedy or relief from Murphy, such inference is denied.

2. Defendant acknowledges that Plaintiffs contend venue is proper before the Court pursuant to 28 U.S.C. § 1391 (a) and (c). Murphy maintains, however, that Plaintiffs' claims are subject to arbitration and that this action should be dismissed. Furthermore, to the extent that Plaintiffs' allegations of venue give rise to any inference that their claims are valid, or that they are entitled to any remedy or relief from Murphy, such inference is denied. Murphy denies any remaining claims in Paragraph 2.

### Parties

3. Defendant admits that Plaintiff Sheila Hobson ("Hobson") is over the age of nineteen (19) and works as an Assistant Manager for Defendant at its location in Calera, Alabama. Murphy denies all remaining allegations in Paragraph 3.

4. Defendant admits that Plaintiff Susan Ellington ("Ellington") is over the age of nineteen (19) and has worked as an Assistant Manager, but denies that Ellington is a current employee. Murphy denies the remaining allegations in Paragraph 4.

5. Defendant admits that Plaintiff Christine Pinckney ("Pinckney") works as an Assistant Manager for Defendant at its location in Calera, Alabama. Defendant denies any remaining allegations in Paragraph 5.

6. Defendant admits that Plaintiff Santressa Lovelace ("Lovelace") works as an Assistant Manager for Defendant at its location in Roebuck, Alabama. Defendant further admits Lovelace previously worked as a cashier at that location. Defendant denies any remaining allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

## Factual Allegations

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits the allegations in Paragraph 9.

10. Paragraph 10 of the Complaint is a legal conclusion requiring neither an admission nor a denial by Defendant.

11. Paragraph 11 of the Complaint is a legal conclusion requiring neither an admission nor a denial by Defendant.

12. Defendant admits Assistant Managers and Cashiers are classified as non-exempt. Any remaining allegations in Paragraph 12 are denied.

13. Defendant admits its job description states in part that the Assistant Manager should "promote a safe work environment and manager the sales, operations and personnel in order to ensure quality customer service and maximize

store sales and profitability" and run a shift without supervision. Any remaining allegations in Paragraph 13 are denied.

14. Defendant denies Paragraph 14 accurately quotes the language of its cashier job description; however Defendant acknowledges the allegations in Paragraph 14 are generally correct.

15. The allegation in Paragraph 15 is denied.

16. The allegations in Paragraph 16 are denied.

17. The allegations in Paragraph 17 are denied.

18. The allegations in Paragraph 18 are denied.

19. The allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are denied.

21. Defendant admits that its District Managers verify fuel surveys are performed correctly and in a timely fashion in accordance with Defendant's policies. Defendant denies the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 are denied.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

### Facts pertaining to Hobson

25. Defendant admits the allegations in Paragraph 25.

26. Defendant admits the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

## **Facts pertaining to Ellington**

33. Defendant denies Ellington was hired in March 2008 and admits the remaining allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

## **Facts pertaining to Pinckney**

40. Defendant denies Murphy hired Pickney in March 2007 and admits the remaining allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

## Facts pertaining to Lovelace

47. Defendant admits the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

## Class Allegations

54. Defendant acknowledges that Plaintiffs have attempted to bring this collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all current and former hourly employees, including but not limited to assistant managers and cashiers, who worked for Defendant since June 11, 2007. Further, Defendant denies that a collective action may proceed because, among other reasons, Plaintiffs have waived their class and collective action claims and agreed to submit their individual claims to binding arbitration. Furthermore, to the extent

that the allegations in Paragraph 54 give rise to any inference that Defendant violated the FLSA, that Plaintiffs are entitled to any relief under the FLSA, or that Plaintiffs or potential Plaintiffs are similarly situated or that an opt-in collective action is appropriate, such inferences are denied.

55.   Defendant denies the allegations in Paragraph 55.  Further, Defendant denies that a collective action may proceed because, among other reasons, Plaintiffs have waived their class and collective action claims and agreed to submit their individual claims to binding arbitration.  Defendant further denies its compensation policies violate the FLSA.  Furthermore, to the extent the allegations in Paragraph 55 give rise to any inference that Defendant violated the FLSA, that Plaintiffs are entitled to any relief under the FLSA, or that Plaintiffs or potential Plaintiffs are similarly situated or that an opt-in collective action is appropriate, such inferences are denied.

56.   Defendant denies the allegations in Paragraph 56.  Further, Defendant denies that a collective action may proceed because, among other reasons, Plaintiffs have waived their class and collective action claims and agreed to submit their individual claims to binding arbitration.  Furthermore, to the extent that the allegations in Paragraph 56 give rise to any inference that Defendant violated the FLSA, that Plaintiffs are entitled to any relief under the FLSA, or that Plaintiffs or potential Plaintiffs are similarly situated or that an opt-in collective action is

appropriate, such inferences are denied.

57.    Defendant denies the allegations in Paragraph 57.  Further, Defendant denies that a collective action may proceed because, among other reasons, Plaintiffs have waived their class and collective action claims and agreed to submit their individual claims to binding arbitration.  Furthermore, to the extent that the allegations in Paragraph 57 give rise to any inference that Defendant violated the FLSA, that Plaintiffs are entitled to any relief under the FLSA, or that Plaintiffs or potential Plaintiffs are similarly situated or that an opt-in collective action is appropriate, such inferences are denied.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §201 *et seq.*

58.    Defendant re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-57 of this Answer as though set forth herein.

59.    The allegations in Paragraph 59 set forth a legal conclusion to which no response is required.

60.    The allegations in Paragraph 60 set forth a legal conclusion to which no response is required.

61.    Defendant denies the allegations in Paragraph 61.

62.    Defendant denies the allegations in Paragraph 62.

63.    Defendant denies the allegations in Paragraph 63.

64. Any remaining allegations included in Plaintiffs' Complaint, if any, that are not expressly admitted herein are denied.

The remainder of the Complaint is a prayer for relief and demand for jury trial requiring neither an admission nor denial by Defendant. To the extent, however, the prayer gives rise to any inference such relief is proper or that Plaintiffs or any purported class is entitled to any remedy or relief from Defendant, such inference is denied. Furthermore, Defendant specifically denies: (a) that this action should proceed as a collective action pursuant to 29 U.S.C. § 216(b); (b) that notice is appropriate; (c) that Plaintiffs are entitled to judgment or any remedy or relief; (d) that Defendant violated the FLSA; (e) that injunctive relief is appropriate; (f) that Plaintiffs are entitled to recover liquidated damages, or any other relief; (g) that Plaintiffs are entitled to an award of costs, attorney's fees, expenses, or any other relief; and (h) that Plaintiffs are entitled to any other remedy or relief under the law.

## **AFFIRMATIVE AND OTHER DEFENSES**

### **FIRST DEFENSE**

The Complaint should be dismissed in its entirety because Plaintiffs agreed to arbitrate all of their individual claims asserted in this action, including claims under the FLSA.

**SECOND DEFENSE**

The Complaint should be dismissed because Plaintiffs' have waived their right to pursue any class or collective claims against Defendant.

**THIRD DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs' Complaint fails to state a claim for which relief can be granted.

**FOURTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs have failed to plead a *prima facie* case arising under the FLSA.

**FIFTH DEFENSE**

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and in reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.  Defendant's actions were taken in good faith with reasonable grounds to believe that the actions were not in violation of law, such that no liquidated damages may be awarded pursuant to 29 U.S.C. § 260.

## SIXTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seeks to assert claims under the FLSA, are barred to the extent that Plaintiffs seek damages beyond the applicable limitations periods.

## SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs cannot establish that any acts or omissions of Defendant were willful under the FLSA.

## EIGHTH DEFENSE

Plaintiffs' claims under the FLSA are barred to the extent that Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, submitted false and inaccurate time records.

## NINTH DEFENSE

Any recovery by Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, should be limited to the extent that they have failed to mitigate any of the damages alleged in the Complaint.

## TENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver and/or estoppel.

## ELEVENTH DEFENSE

Even if the allegations contained in Plaintiffs' Complaint are true (**which they are not**), to the extent that the time for which Plaintiffs allege that they have not been compensated involves only insubstantial or insignificant periods, such periods are "*de minimis*" and are not compensable under the FLSA.

## TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs seek to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs lack standing to pursue the proposed collective or class actions under the FLSA.

## FOURTEENTH DEFENSE

Plaintiffs' claims under the FLSA are barred to the extent that Plaintiffs, or any other persons on whose behalf Plaintiffs seek to assert a claim, have been paid all wages due.

## FIFTEENTH DEFENSE

Plaintiffs' claims under the FLSA for overtime are barred to the extent that Plaintiffs, or any other person Plaintiffs seek to include in this case, worked less

than 40 hours per week, but received payments in excess of what he or she would have been paid had he or she worked 40 hours per week at minimum wage.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs seeks compensation for activities that are non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254.

## SEVENTEENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred to the extent that they are duplicative of claims for which Plaintiffs or any potential opt-in class members have already recovered.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of avoidable consequences, because Defendant exercised reasonable care to prevent and correct promptly any alleged pay/wage/overtime violations, and/or Plaintiffs unreasonably failed to take advantage of Defendant's preventative or corrective opportunities or otherwise failed to avoid harm.

## NINETEENTH DEFENSE

Because Plaintiffs' Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action.

Accordingly, the right to assert any additional defenses, to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Murphy denies that Plaintiffs, or any other person on whose behalf Plaintiffs seeks to assert a claim, are entitled to any relief whatsoever under the allegations set forth in the Complaint.  Murphy requests that the Court compel arbitration and dismiss all claims with prejudice and that Murphy be awarded costs, attorney's fees, interests on those amounts as provided by law, and such further relief that this Court may deem appropriate.

Respectfully submitted this 26th day of July, 2010.

> By: /s/*Brandon M. Cordell*
> Stephen X. Munger, Esq.
> (Admitted *Pro Hac Vice*)
> mungers@jacksonlewis.com
> C. Dan Wyatt, III, Esq.
> (Admitted *Pro Hac Vice*)
> wyattc@jacksonlewis.com
> Brandon M. Cordell, Esq.
> (Admitted *Pro Hac Vice*)
> cordellb@jacksonlewis.com
>
> JACKSON LEWIS LLP
> 1155 Peachtree Street, N.E.
> Suite 1000
> Atlanta, Georgia  30309
> Telephone:  (404) 525-8200
> Facsimile:  (404) 525-1173
> ATTORNEYS FOR DEFENDANT
> MURPHY OIL USA, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SHEILA HOBSON, CHRISTINE PICKNEY, SUSAN ELLINGTON, and SANTRESSA LOVELACE, Individually and On Behalf of Similarly situated employees, | ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | NO. 2:10-cv-01486-HGD |
| v. | ) ) ) | |
| MURPHY OIL USA, INC., | ) ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

>Richard P. Rouco, Esq.
>Amy A. Weaver, Esq.
>WHATLEY DRAKE & KALLAS, LLC
>2001 Park Place North, Suite 1000
>Birmingham, AL 35203

>George E. Barrett, Esq.
>David W. Garrison, Esq.
>BARRETT JOHNSTON & PARSLEY
>217 Second Avenue North
>Nashville, TN 37201

Kevin L. Weaver, Esq.
WEAVER TIDMORE, LLC
300 Cahaba Park Circle, Suite 200
Birmingham, AL 35242

                                     Respectfully submitted,
                                     /s/*Brandon M. Cordell*
                                     Brandon M. Cordell, Esq.
                                     JACKSON LEWIS LLP
                                     1155 Peachtree Street, N.E.
                                     Suite 1000
                                     Atlanta, Georgia  30309