UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHEILA HOBSON, CHRISTINE PICKNEY, SUSAN ELLINGTON, and SANTRESSA LOVELACE,** *individually and on behalf of similarly situated employees*,<br><br>Plaintiffs,<br><br>vs.<br><br>**MURPHY OIL USA, INC.,**<br><br>Defendant. | Civil Action No. CV-10-S-1486-S |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Sheila Hobson, Christine Pickney, Susan Ellington, and Santressa Lovelace, filed a collective action against defendant, Murphy Oil USA, Inc. ("Murphy Oil"), on June 11, 2010, seeking a judgment for themselves and others similarly situated for unpaid overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendant subsequently moved to compel arbitration of this matter and dismiss the collective action allegations.[1] On September 18, 2012, this court adopted and approved the report and recommendation of Magistrate Judge Harwell Davis, granted defendant's motion, dismissed plaintiffs'

---

[1] Doc. no. 14.

collective action allegations with prejudice, ordered plaintiffs to submit their individual claims to arbitration, stayed this action pending resolution through arbitration, and directed the Clerk to close the file for this case for administrative and statistical purposes.[2] The court noted that "the file may be reopened, on either party's motion, for an appropriate purpose such as dismissal following settlement, entry of judgment, vacatur, or modification of an arbitrator's award."[3]

On February 25, 2015, almost two and a half years later, plaintiffs moved for reconsideration of the order dismissing the collective action allegations, requiring plaintiffs to submit their individual claims to arbitration, and staying this action pending resolution through arbitration.[4] This court denied that motion in an order dated June 15, 2015.[5]

In its response to plaintiffs' motion for reconsideration, defendant pointed out that plaintiffs had failed to submit their claims to arbitration, as required by the September 18, 2012 order.[6] As a result, defendant asks this court to dismiss plaintiffs' claims in their entirety pursuant to Federal Rule of Civil Procedure 41(b).[7]

---

[2] Doc. no. 41.

[3] *Id.* at 4.

[4] Doc. no. 43.

[5] Doc. no. 47.

[6] *See* doc. no. 46, at 14-16.

[7] *Id.*

Plaintiffs were ordered to show cause, by June 22, 2015, why their complaint should not be dismissed "for failing to adhere to the court's order directing them to submit their claims to arbitration."[8]  This order considers plaintiffs' show cause response, which was timely filed on June 22, 2015.[9]

Plaintiffs first assert that they "behaved reasonably in waiting to arbitrate and should not be subject to the harsh penalty of having their complaint dismissed."[10] *One* of the plaintiffs in this case, Sheila Hobson, filed an unfair labor practice charge with the National Labor Relations Board ("the Board" or "NLRB") during January of 2011, while the motion to compel arbitration still was pending before this court. *See Murphy Oil USA, Inc. and Sheila M. Hobson*, 361 NLRB No. 72, *4 (Oct. 28, 2014).  In that charge, Hobson asserted that Murphy Oil's arbitration agreement violated Section 8(a)(1) of the National Labor Relations Act ("NLRA") "by maintaining and enforcing a mandatory arbitration agreement that prohibits employees from engaging in protected, concerted activities," and by leading "employees reasonably to believe that they were prohibited from filing unfair labor practice charges with the Board."  *Id.*[11]  The Board ruled in Hobson's favor on

---

[8] Doc. no. 47, at 2.

[9] Doc. no. 48.

[10] *Id.* at 2.

[11] Section 8(a)(1) makes it unlawful for an employer to "interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title." 29 U.S.C. §

3

October 28, 2014, finding that Murphy Oil violated Section 8(a)(1) "by requiring its employees to agree to resolve all employment-related claims through individual arbitration, and by taking steps to enforce the unlawful agreements in Federal district court when [Hobson] and three other employees filed a collective claim against [Murphy Oil] under the Fair Labor Standards Act." *Id.* at *3 (alterations supplied). The Board ordered Murphy Oil to rescind its arbitration agreement,

> or revise it in all of its forms to make clear to employees that the Agreement and Waiver does not constitute a waiver of their right to maintain employment-related joint, class, or collective actions in all forums, and that it does not restrict employees' rights to file charges with the National Labor Relations Board.

*Id.* at *29.  Murphy Oil also was ordered to notify all current and former employees, and all applicants for employment, who were required to sign the arbitration agreement, that the agreement had been rescinded.  *Id.* at *30.  Further, Murphy Oil was ordered to

> [n]otify the United States District Court for the Northern District of Alabama that it has rescinded or revised the mandatory arbitration agreements upon which it based its motion to dismiss Sheila Hobson's and her coplaintiffs' FLSA collective action and to compel arbitration of their claims, and inform the court that it no longer opposes the plaintiffs' FLSA action on the basis of those agreements.

---

158(a)(1).  Section 157 provides, in pertinent part, that "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection."  29 U.S.C. § 157 (alteration supplied).

*Id.* (alteration supplied).

Murphy Oil filed a Petition For Review of the Board's decision with the United States Court of Appeals for the Fifth Circuit on November 7, 2014, and Murphy Oil's counsel represented to this court in a March 6, 2015 filing that the review still was pending.[12] Moreover, as the Fifth Circuit found in *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344 (5th Cir. 2013), the NLRB's decisions are not entitled to deference when they concern the interpretation of the Federal Arbitration Act, or any statutory provision other than the NLRA. *Id.* at 356.

Even so, plaintiffs assert that, until the Board issued its decision on October 28, 2014, "the question of whether, and to what extent, Defendant could enforce an individual arbitration agreement against its employees was litigated through two parallel but closely related proceedings: one before this Court and one before the NLRB."[13] Plaintiffs follow that assertion with this one:

> Had Plaintiffs filed for individual arbitration during this period [between this court's September 18, 2012 order compelling arbitration and the NLRB's October 28, 2014 ruling], they would have effectively mooted their NLRB proceeding — at least with respect to their own claims — and deprived themselves of the ability to seek redress for the unfair labor practices they alleged.[14]

---

[12] Doc. no. 46, at 2.  A review of the KeyCite history of the NLRB's decision on Westlaw confirms that no decision has been rendered, or at least published, on appeal.

[13] Doc. no. 48, at 3.

[14] *Id.* at 3-4 (alteration supplied).

As an initial matter, "plaintiffs" did not have an NLRB proceeding. *Only one plaintiff*, Sheila Hobson, filed a complaint with the NLRB. The other plaintiffs cannot assert any prejudice from being unable to seek redress in that forum for any labor practices they believe are unfair.

More substantively, plaintiffs have not cited any authority to support their outlandish suggestion that a federal court order is without effect if there is a related proceeding pending before the NLRB. If plaintiffs truly were concerned about their rights under the NLRA being "irreparably harmed" by the requirement to arbitrate their individual claims, they could have requested either a stay of the arbitration order pending an outcome of the proceedings before the NLRB, or permission to seek an interlocutory appeal. They did neither. Instead, they simply disregarded this court's order because it required them to do something they did not want to do. That is not "reasonable behavior."

Plaintiffs also assert that, even if their decision to wait to initiate arbitration proceedings was not reasonable, dismissal of their claims with prejudice is too harsh of a punishment. Federal Rule of Civil Procedure 41(b), upon which defendant's request for dismissal is based, provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

> Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules. Fed. R. Civ. P. 41(b). But that discretion is not unlimited, and the "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal with prejudice is not proper unless "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd.* [ *v. M/V MONADA,*] 432 F.3d [1333,] 1339[ (11th Cir. 2005)]. Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct. *McKelvey v. AT & T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986).

*Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (first alteration in original, other alterations supplied).

Here, there is a clear record of delay and willful misconduct. As discussed above, plaintiffs' decision to delay their filing of arbitration proceedings was not reasonable, and instead constituted a willful disregard of court orders for the purpose of gaining strategic advantage. Plaintiffs allege confusion or negligence, but the circumstances support the inference that plaintiffs acted willfully and knowingly, not that they were confused or careless. Finally, no lesser sanction would adequately correct plaintiff's conduct. If, for example, plaintiffs were subjected to a monetary fine and required to immediately submit their claims to arbitration, they still would have received the benefit of their willful non-compliance with this court's order for nearly two and a half years. There is no way to undo the effect of plaintiffs' dilatory

tactics.

There is no Eleventh Circuit decision directly supporting this outcome, but a number of courts in other jurisdictions have held that dismissal is an appropriate remedy for a plaintiff who disregards a district court's order compelling arbitration. The Seventh Circuit's opinion in *James v. McDonald's Corp.*, 417 F.3d 672 (7th Cir. 2005), is instructive. There, the district court ordered James to submit her claims to arbitration on February 4, 2003. *Id.* at 675. For months, she did not do so, asserting that the costs of initiating the arbitration proceedings were prohibitive. Instead, she filed a request for reconsideration nearly one year later, on January 15, 2004, and alternatively requested that her case be dismissed so she could exercise her right of appeal. *Id.* The district court denied the motion as untimely, explaining:

> This request comes far too late in the day. . . . James took no steps following the Court's February 2003 order compelling arbitration to carry out that order's directive, seek reconsideration, or request certification for an interlocutory appeal. Our ruling did not give James the option of foregoing arbitration, waiting nearly a year, asking this Court for another bite at the same apple, and then reviving for appeal purposes a ruling made more than a year ago. If James wanted to appeal the February 2003 order, she should have made that request within a reasonable time after the order was entered.

*Id.* at 675-76, 681. The court allowed Ms. James one week to show cause why her claims should not be dismissed for failure to prosecute in arbitration. She responded *three* weeks later, and then only reiterated her previous arguments. *Id.* at 676. The

8

Seventh Circuit affirmed the district court's decision, stating that, once the district court ordered Ms. James to submit her claims to arbitration, "it was incumbent upon Ms. James to abide by the district court's ruling and not to continue submitting arguments that the district court already had determined were meritless." *Id.* at 681. As a result of Ms. James's "failure to pursue promptly the [district] court's reconsideration, or this court's review on interlocutory appeal," the district court's decision was not an abuse of discretion. *Id.* (alteration supplied). *See also Renobato v. Compass Bank Corp.*, 480 F. App'x 764, 766-67 (5th Cir. 2012) (dismissal not an abuse of discretion when plaintiff did not initiate arbitration proceedings for three years, even after being given a second chance to do so by the district court); *Salt Lick Bancorp v. F.D.I.C.,* 187 F. App'x 428, 446-47 (6th Cir. 2006) (dismissal not an abuse of discretion when plaintiff did not initiate arbitration proceedings for two and a half years, despite plaintiff's alleged inability to retain counsel and obtain documents from a third party); *Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 123 F. App'x 481, 483-84 (3rd Cir. 2005) (dismissal not an abuse of discretion after a six-year delay in initiating arbitration).

Plaintiffs assert that the issue of their delay in commencing arbitration proceedings is a matter for the arbitrator, not this court, to decide. It is generally true that "'procedural' questions which grow out of the dispute and bear on its final

disposition should be left to the arbitrator." *Aluminum Brick and Glass Workers International Union v. AAA Plumbing Pottery Corp.*, 991 F.2d 1545, 1550 (11th Cir. 1993) (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). Even so, this "procedural" question does not grow out of the underlying dispute; it grows out of plaintiffs' failure to comply with this court's order. Under similar circumstances, the Third Circuit in *Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 123 F. App'x 481 (3rd Cir. 2005), held that the issue of a plaintiff's failure to submit a claim to arbitration was for the court, not the arbitrator, to decide. *Id.* at 483-84.

> It cannot be that the arbitration agreement demands the submission of Windward's failure to appoint an arbitrator to an arbitration panel which has not yet been constituted. Were this a failure to cooperate with the arbitration panel or some other form of foot-dragging on the part of Windward post-appointment of the panel, we might well be compelled . . . to leave any issues of delay to the broad jurisdiction of the arbitrators under the agreement. Where, however, a party fails for many years to abide by a district court order to initiate arbitration proceedings, it is an issue for the district court, and not the non-existent arbitration panel.

*Id.* (footnote omitted). Although that decision is unpublished, this court finds its reasoning to be persuasive. This court has jurisdiction to determine the appropriate penalty for plaintiffs' failure to comply with this court's orders.

In accordance with the foregoing, plaintiffs' claims are DISMISSED, with

prejudice, pursuant to Federal Rule of Civil Procedure 41(b).  Costs are taxed to plaintiffs, but defendant's request for attorney's fees is DENIED.  The Clerk is directed to close this file.

      **DONE** and **ORDERED** this 8th day of July, 2015.

                                                          _____
                                                        United States District Judge